Shannon *v.* Mayor of Hoboken.

JOHN M. SHANNON

*v.*

THE MAYOR AND COMMON COUNCIL OF THE CITY OF HOBOKEN et al.

| | |
|---|---|
| 37 | 123 |
| 48 | 252 |
| 37 | 123 |
| 50 | 237 |
| 37 | 123 |
| 51 | 438 |
| 37 | 123 |
| 52 | 283 |
| 37 | 123 |
| s37 | 318 |
| 64L | 620 |
| 64L | 623 |

1. Any order, writing, or act which makes an appropriation of a fund is a good assignment in equity.

2. A provision in a contract, that if the contractor fails to pay for labor done or materials furnished ·in the performance of the contract, the other contracting parties may withhold the moneys earned under the contract, and apply them to the payment of such debts, does not deprive the contractor of his right of alienation, and ·his assignees, notwithstanding such a provision, will be entitled to the moneys earned under the contract in the order in which they acquired title to them.

On final hearing on bill and answers, and proofs taken in open court.

*Mr. James B. Vredenburgh,* for complainant.

*Mr. John C. Besson,* for defendant Oakley.

*Mr. Gilbert Collins,* for defendant Du Puget.

*Mr. Malcolm W. Niven,* for municipal defendants.

VAN FLEET, V. C.

The litigants between whom the main strife in this case exists, are the complainant and the defendants George F. Oakley and

Michael Shannon, on the one side, and the mayor and common council of the city of Hoboken on the other. In March, 1881, one John Berkery made a contract with the city of Hoboken to repave a' part of Washington street, the price of the work to be paid in improvement certificates. The city admit that Berkery earned under the contract, in addition to the certificates which have already been delivered, the sum of $4,403.90. The question in dispute is, Who is entitled to this sum? Prior to the 4th day of June, 1881, Berkery drew orders in favor of the complainant and the two defendants named, upon which there still remains due a sum in excess of that which is the subject of the present contention. These orders were addressed to the city clerk, and directed delivery to be made to the payees of the improvement certificates which Berkery should be entitled to under the contract. They were left with the city clerk at their respective dates or shortly afterwards. The contract contains this provision:

"And the said party of the second part [Berkery] covenants and agrees to promptly pay for all labor done and material furnished on said work, and in case he fails so to do, this contract may be forfeited, after five days' notice, and his bondsmen may be called upon to pay for said labor and material, and any money due, or to grow due to said party of the second part may be used to pay for such labor and material, and the mayor and common council may order warrants drawn to the order of parties doing work or furnishing material, or may issue certificates to them for the amounts due them, and the receipts of the said parties shall be full discharge for the mayor and common council of the city of Hoboken in settlement with the party of the second part or his sureties."

The orders to the complainant and the defendant Michael Shannon were given for material furnished by them, and used by Berkery in fulfilling his contract, and those to the defendant Oakley were given for money advanced to enable Berkery to start and continue the work required by his contract. At the time they were given the contract had not been forfeited, nor is it alleged that any default had been made which authorized its forfeiture. Since the orders were deposited with the city clerk, several claims, for labor done and material furnished in peforming the contract, have been presented to the municipal defend-

ants. They deny the right of the complainant and the two defendants named to the fund still in their hands, on two grounds : First, they say, the orders did not transfer the fund ; and second, the covenant deprived Berkery of the power to transfer it.

The first ground presents no defence. The orders constituted valid assignments in equity. The principle on which courts of equity proceed in such cases is very clearly defined. " Any order, writing or act which makes an appropriation of the fund, amounts to an assignment in equity. * * * * * An assignment of a debt may be made by parol as well as by deed." *2 Story's Eq. Jur.* § *1047.* Simple delivery of a bond and mortgage will constitute an effectual assignment in equity if such be the -intention of the parties. *Galway* v. *Fullerton, 2 C. E. Gr. 389.* The great object of courts of equity, in cases of this kind, is to give effect to the intention of the parties. No attention is paid to mere matters of form ; if the court can clearly discern the purpose of the parties, it will give effect to it, regardless of the method by which such intention is expressed. The fact that the orders are addressed to the city clerk, and not to the municipality, does not, according to my view, raise the slightest doubt, or create the least obscurity as to the meaning of the parties. The property Berkery intended to pass is pointed out by the orders so clearly that there can be no doubt about what he intended to transfer. His intention to make an assignment of it is equally clear. Those are only essentials of an equitable assignment where there is no doubt about the person who is to take as assignee.

The second ground of defence is, in my opinion, equally without substance. The covenant on which it rests merely authorizes the municipality, after forfeiture, to withhold and appropriate the moneys earned under the contract. No beneficial interest is transferred, nor is the municipality made subject to any duty or liability. Such a covenant, it has been held, does not render the municipality liable, either at law or in equity, to the creditors of the contractor, nor does it operate as an equitable assignment of the fund to the creditors of the contractor. *Grassman* v. *Bonn, 3 Stew. Eq. 490.* The principle recognized in *Crow-*

*ell* v. *Currier, 12 C. E. Gr. 152; S. C. on appeal, Id. 650,* that where the parties to a contract make a stipulation in favor of a third person, not a party to the contract and a stranger to its consideration, and he subsequently, with their knowledge, relying on the contract, places himself in a position from which he cannot retreat without loss, in case the stipulation is not observed, they will not be permitted to disregard the stipulation, or release its performance, to his injury, has no application to this case, for there is nothing before the court to show that a single one of the creditors, in whose behalf the city is seeking to intervene, either knew of the covenant under consideration, or gave Berkery a penny's credit on the faith of it. The city, in this contest, stand simply as volunteers, without beneficial right or interest, and without duty or liability, and are not, therefore, according to the general rule, entitled to the aid of a court of equity.

But, suppose it should be conceded that the city are the representatives of the creditors of the contractors, or, to make the case still stronger, that they stand in the strength of the creditors' rights, would that fact entitle them to prevail in this defence? The covenant does not take away or restrict Berkery's right of alienation or assignment. The orders were given to procure means to perform the contract; they appropriate the fund to the purposes contemplated by the covenant, and stand first in order of time. The third section of the mechanics lien law (*Rev. p. 668*) authorizes the person on whose land a building is erected under a contract duly filed, on receiving notice from a creditor of the master workman or contractor, whose debt was contracted in the erection of the building, that the master workman or contractor, has, on demand, refused to pay, to retain the sum due and so claimed out of any money due to the master workman or contractor and on being satisfied of the correctness of the claim, to pay it; and such payment, the statute further directs, shall be allowed to the owner against the master workman or contractor. The design of the statute is obvious; it was intended to give the creditor a remedy against the money earned under the contract, and, by his own act, in case the contractor refused to pay, to effect a transfer of it. A notice given in pursuance of the stat-

ute, operates as an assignment of so much of the money due to the contractor, under the contract, as will be sufficient to pay the debt of the creditor giving the notice. *Wightman* v. *Brenner, 11 C. E. Gr. 489.* But until notice is given, the contractor is left at full liberty to dispose of the moneys secured by the contract as he sees fit. The right of the workman or materialman does not attach until notice is given. If, when the notice comes, there is nothing due to the contractor, the predicament contemplated by the statute does not exist. If the owner is not then the debtor of the contractor, but of some other person, to whom the debt has been assigned, he cannot retain the contractor's money, because what he owes is not due to the contractor, but to another person. The statute does not give the workman or materialman a lien on the moneys earned under the contract. *Craig* v. *Smith, 8 Vr. 549.* This adjudication furnishes the principle which must rule this case. If the covenant gives the municipality any authority whatever to withhold and appropriate moneys earned under the contract, it is certain such authority only extends to money belonging to the contractor, and not to that which has, by just means, become the property of some other person.

Neither ground of defence is entitled to prevail. The complainant and the two defendants named are entitled to the fund in controversy. Their respective positions, in order of priority, must be adjusted in accordance with the rule laid down in *Superintendent of Public Schools* v. *Heath, 2 McCart. 22.*